


STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8592

May 26, 2020

**VIA ECF & EMAIL**




Honorable Katherine Polk Failla
United States District Judge
United States District Court
for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Mark S. Brantley v. Municipal Credit Union, et al., 19-cv-10994 (SDNY)**

Dear Judge Failla:

This Office represents Defendants Linda A. Lacewell and Maria T. Vullo, the present and former Superintendents of the New York Department of Financial Services ("DFS"), in the above-referenced action. Pursuant to an Order of the Court issued on May 5, 2020 (Docket Entry # 63), Defendants Lacewell and Vullo's Joint Motion to Dismiss the Second Amended Complaint is scheduled to be filed on June 5, 2020. By this Letter Motion, Defendants Lacewell and Vullo respectfully request that the Court enter an Order, in accordance with Paragraphs 9(B)(i) and 9(C)(i) of Your Honor's Individual Rules (i) permitting Defendants Lacewell and Vullo to file under temporary seal certain documents from the State Court Article 78 Proceeding that Defendants intend to submit with their Motion to Dismiss as exhibits; (ii) permitting Defendants to file their Memorandum in Support of their Joint Motion to Dismiss that redacts any quotations taken from those documents filed under temporary seal; and (iii) once the Court enters such Order, authorizing Defendants Lacewell and Vullo to transmit the sealed exhibits to the other parties in this action based upon their representations to maintain the confidentiality of the documents. I have contacted all of the parties in this action and each has consented to this motion.

As the Court is aware, this action concerns Plaintiff Mark S. Brantley's removal from his voluntary, unpaid position as a Director of the Municipal Credit Union ("MCU"), a state-chartered credit union, in 2018. In this action Plaintiff asserts claims of defamation and deprivation of his constitutional due process rights against Defendants Lacewell and Vullo based upon the failure to

provide him with a pre-removal hearing. Plaintiff Brantley and six other members of the MCU Board previously challenged the Board's removal in a CPLR Article 78 proceeding in New York State Supreme Court. *Tony Abdallah, et al. v. Maria T. Vullo, et al.*, Index No.157618/2018 (N.Y. Supreme, N.Y. Co.) ("the State Court Proceeding"). On October 25, 2018, the New York State Supreme Court dismissed the petition.

Because the State Court Proceeding dealt with issues of bank regulatory confidentiality, the record of the State Court Proceeding in its entirety was initially placed under a temporary sealing order by the New York State Supreme Court, at the request of the DFS and MCU, at the time Petitioners commenced the proceeding in August 2018 (the "State Sealing Order"). The State Sealing Order, which was contained in the original Order to Show Cause, dated August 18, 2018, provided that it would remain in place until further order of the State Court. While the parties at the conclusion of the hearing in the State Court Proceeding were directed by the State Supreme Court Justice to meet and confer about the future scope of the temporary State Sealing Order, the parties, upon the dismissal of the State Court Proceeding, never did so. At this juncture, however, certain documents filed in the State Court Proceeding are of pivotal importance to this action and to certain arguments that will be raised by Defendants in their Joint Motion to Dismiss. These documents include (i) Petitioners' Verified Petition in the State Court Proceeding; (ii) the Memorandum of Law in Support of Superintendent Maria T. Vullo's and the New York State Department of Financial Services' Cross-Motion to Dismiss the Petition; (iii) the Memorandum of Law in Opposition to Respondents' Motion to Dismiss the Petition; (iv) the Order of Dismissal and attached Transcript of the Decision of the Hon. Melissa A. Crane, dated October 25, 2018, in the State Court Proceeding; and (v) the Decision of the Appellate Division, First Department, in the State Court Proceeding, dated September 24, 2019. These documents are central to the issues of collateral estoppel, res judicata and *Rooker-Feldman*, and, as will be set forth in the Joint Motion to Dismiss, may be considered by the Court on a Motion to Dismiss under controlling case law.[1]

As we informed the Court at the Initial Conference in this action on May 5, 2020, this Office has made efforts to seek an agreement among the parties to the State Court Proceeding to reduce the scope of the State Sealing Order such that it would be easier for the parties in this action to include these documents in the federal record with the need for no more than a very limited sealing order in this Court. As such, the DFS, MCU and NCUA reached a tentative agreement to reduce the State Sealing Order to cover only certain limited portions of the State Court Verified Petition (and an exhibit appended thereto) that contain nonpublic, sensitive information. We have also attempted to obtain the consent of Plaintiff Brantley's State Court Counsel (Stuart Salles, Esq.) to this adjustment. Once obtaining this consent, it has been and remains this Office's intent to submit a joint request to the State Court to reduce the scope of the State Sealing Order. Because there were seven Petitioners in the State Court Proceeding, Plaintiff Brantley alone cannot consent to this reduction of the State Sealing Order.

Prior to the May 5th conference, I had reached out to Plaintiff's State Court Counsel by email but had not heard back from him at the time of the conference. Since the May 5th Conference, with the assistance of Plaintiff Brantley, I have spoken with Plaintiff Brantley's State

1 Defendants also intend to submit as an exhibit the DFS press release of May 17, 2019, which is the predicate for Plaintiff's defamation claim. That document is not covered by the State Sealing Order and, accordingly, needs no protection in this Court.

Court Counsel who has informed me that he has attempted to reach out to his clients in an orderly manner on this issue, but he has not yet received a definitive response. Counsel has informed me that the initial client to whom he reached out may be impacted by COVID-19 circumstances and, accordingly, he has not as of yet heard back from him. Counsel has represented to me that he will continue to reach out to his former clients and alert me when he has been able to do so. While we have no reason to believe that counsel is not acting in good faith, the process nonetheless is taking far longer than we had hoped. However, we believe this process is the appropriate one rather than spending time in unnecessary motion practice in State Court on the subject.

Accordingly, in order not to violate the State Sealing Order while, at the same time, timely filing the Joint Motion to Dismiss, Defendants Lacewell and Vullo request the right to file the specified documents from the State Court Proceeding under an Order of temporary seal in this Court and to file their Memorandum in Support of their Joint Motion to Dismiss the Second Amended Complaint redacting any and all quotations from these sealed documents from public view. Once Mr. Brantley's State Court Counsel has been able to make contact with his former clients and consent to the reduction of the State Sealing Order, we would then approach the State Supreme Court, by stipulation or otherwise, to reduce the scope of the State Sealing Order. Thereafter, we would make an application to reduce the Sealing Order in this case. This process would protect all of the parties from potential violations of the State Sealing Order and, at the same time, permit this action to move forward expeditiously.

At the initial conference in this case, the Court was alerted to this issue and the possibility that a resolution might not be possible before June 5th, given the present circumstances. The Court informed us that, if we were unable to complete this process before the time for filing the Motions to Dismiss, the Court would be amendable to entering such a temporary sealing order. Because of the existence of the State Sealing Order, we do not believe that a temporary sealing order in this action would be inconsistent with the presumption in favor of public access to judicial documents. In order for the issues to be presented fully to this Court, while, at the same time, honoring the State Sealing Order, this temporary relief is necessary. We thank the Court for its consideration of our request.

Respectfully submitted,

/s/Leo V. Gagion
Leo V. Gagion, Esq.
Assistant Attorney General
Telephone: (212) 416-8592

Application GRANTED. Defendants may file the documents from the sealed state court proceeding under seal, viewable to the Court and parties only. In addition, Defendants may file a copy of their memorandum of law in support of their motion to dismiss that has redacted any quotations from those sealed materials.

Dated: May 29, 2020
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Mark S. Brantley
4880 S Robins Way
Chandler, AZ 85249